**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN DEON BRAZIER,

               Plaintiff - Appellant,

v.

JEFFREY A. BEARD; et al.,

               Defendants - Appellees.

No. 14-17476

D.C. No. 1:13-cv-00787-LJO-MJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

    California state prisoner Kevin Deon Brazier appeals pro se from the district

court's judgment dismissing for failure to exhaust administrative remedies his 42

U.S.C. § 1983 action arising from defendants' failure to grant him a kosher meal

diet.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Williams*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (failure to exhaust administrative remedies); *Kneivel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (Fed. R. Civ. P. 12(b)(6) motion to dismiss). We vacate and remand.

The district court concluded that Brazier failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act. However, it is not clear from the face of the complaint and the exhibits attached to the complaint whether Brazier failed to exhaust available administrative remedies because his Second Level Appeal is not included in the record. *See Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." (citation and internal quotation marks omitted)); *see also Jones v. Bock*, 549 U.S. 199, 211-217 (2007) (failure to exhaust is an affirmative defense which defendants must raise and prove). Because defendants did not meet their burden of demonstrating that Brazier failed to exhaust available administrative remedies, we vacate the judgment and remand for further proceedings.

Brazier's motion requesting alternative dispute resolution, filed on December 16, 2015, and motion for settlement conference, filed on February 16, 2016, are denied.

14-17476

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**